**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUSTIN JAMES,

Plaintiff,

v.

FLEX-N-GATE, LLC,
FLEX-N-GATE MICHIGAN, LLC,
FLEX-N-GATE ROYAL OAK, LLC

Defendants.

Case No. 2:26-cv-10336

Hon.

---

David M. Blanchard (P67190)
Diana E. Marin (P81514)
BLANCHARD & WALKER, PLLC
*Attorneys for Plaintiff*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
marin@bwlawonline.com

---

*There is no other pending or resolved civil action arising out of the Transaction or occurrence alleged in the complaint.*

**<u>COLLECTIVE ACTION COMPLAINT AND JURY DEMAND</u>**

Plaintiff Justin James ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BLANCHARD & WALKER PLLC, files this Collective Action Complaint against Defendants Flex-N-Gate, LLC ("Flex-N-Gate"), Flex-N-Gate Michigan, LLC ("FNG Michigan"), and Flex-N-Gate Royal

Oak, LLC (“FNG RO”) (collectively “Defendants”), for their failure to pay non-exempt salaried employees all overtime wages earned in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (“FLSA”). Plaintiff seeks all available relief under the FLSA. The following are based on personal knowledge as to Plaintiff’s own conduct and is made on information and belief as the acts of others. Plaintiff, individually and on behalf of others similarly situated, states as follows:

1. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who may join this case pursuant to 29 U.S.C. 216(b) (the “Opt-Ins”).

2. This case challenges Defendants’ policy and practice of failing to pay all compensable time to Defendants’ non-exempt salaried employees in Defendants’ manufacturing facilities, resulting in unpaid overtime in violation of the FLSA.

3. Defendants maintain a policy and practice of only paying their non-exempt salaried employees an overtime premium after they have worked forty-five hours in a workweek.

4. Defendants maintain a policy and practice of not compensating non-exempt salaried employees for pre or post shift time that they work.

5. Plaintiff seeks monetary relief and liquidated damages, prejudgment interest, and a reasonable attorney’s fee and costs as a result of Defendants’ practice of willfully failing to pay wages as required under the FLSA.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

8. Plaintiff Justin James is an adult resident of Macomb County, Michigan.

9. Plaintiff was individually and jointly employed by Defendants as a non-exempt manufacturing supervisor at their Royal Oak and Warren, Michigan manufacturing facilities from January 8, 2024, to the present.

10. Plaintiff is a covered employee within the meaning of FLSA, 29 U.S.C. §203(e).

11. Plaintiff consents to this action. *See* Exhibit 1.

12. Plaintiff brings this action on his own behalf and on behalf of others similarly situated, including all individuals who may choose to opt-in to this action who have been employed as non-exempt salaried employees at Defendants' manufacturing facilities and denied overtime pay for hours worked greater than forty

(40) hours per week. Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

13. Defendant Flex-N-Gate, LLC ("Flex-N-Gate"), is a Foreign Limited Liability Company that regularly conducts business and employs individuals in the State of Michigan.

14. Defendant Flex-N-Gate Michigan, LLC ("FNG Michigan") is a Domestic Limited Liability Company that regularly conducts business and employs individuals in the State of Michigan.

15. Defendant Flex-N-Gate Royal Oak, LLC (FNG RO) is a Foreign Limited Liability Company that regularly conducts business and employs individuals in the State of Michigan.

16. Defendants are a transnational design and manufacturing enterprise that supply plastic, metal, mechanical assemblies, and lighting systems to the auto industry in the United States and Europe.

17. Defendants individually and jointly constitute a single integrated enterprise under the FLSA, 29 U.S.C. 203(r), operating manufacturing and technological facilities across multiple cities, primarily in the Midwest including but not limited to Illinois, Indiana, Michigan and Ohio[1].

---

[1] *See* https://flex-n-gate.com/activities-in-north-america/ (last accessed November 12, 2025).

18. Defendants own and operate manufacturing sites in Detroit, Southfield, Fowlerville, Troy, Shelby Township, Evart, Ionia, Royal Oak, and Warren, Michigan.

19. Defendants employ thousands of employees across manufacturing facilities in the United States.

20. On information and belief, Defendants employ over forty non-exempt salaried employees across its manufacturing facilities.

21. Defendants maintain between two and three shifts at its manufacturing facilities and employ non-exempt salaried employees for each shift.

22. Defendants share common ownership and management, including but not limited to a common website, shared brand, human resources department, and shared manufacturing supervisors.

23. Defendants are enterprises engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. 203(s)(1).

24. At all times pertinent to this Complaint, Defendants are engaged in interstate commerce, have gross operating revenues in excess of $500,000, and employ two or more persons in interstate commerce.

25. Defendants' compensation and policies challenged herein are set and carried out on an enterprise-wide basis.

## STATEMENT OF FACTS

## A. Defendants Are Individual and Joint Employers of Plaintiff and Those Similarly Situated

26. During relevant times, Defendants, individually and jointly, employed Plaintiff and other similarly situated non-exempt salaried employees at their manufacturing facilities.

27. At all times relevant herein, Plaintiff and others similarly situated were "employees" of Defendants as defined in the FLSA.

28. At all times relevant herein, Defendants, individually and jointly, were "employers" of Plaintiff and others similarly situated as that term is defined in the FLSA.

29. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Plaintiff and those similarly situated.

30. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

31. All Defendants operate under the "Flex-N-Gate" umbrella and use the website https://flex-n-gate.com.

32. Defendants share common ownership and management, including but not limited to a common website, shared brand, human resources department, and shared manufacturing supervisors.

33. At relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and similarly situated non-exempt manufacturing supervisors.

34. At relevant times, Defendants shared direct or indirect control and authority over the working conditions of Plaintiff and those similarly situated.

35. At relevant times, Defendants jointly hired and fired employees, supervised and controlled the work scheduled and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

36. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all non-exempt salaried employees across all of their manufacturing facilities, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

37. The work performed by Plaintiff and similarly situated non-exempt salaried employees benefited all Defendants and directly or indirectly furthered their joint interests. Therefore, Defendants are also joint employers of Plaintiff and other similarly situated non-exempt salaried employees.

### B. Defendants Failed to Pay Plaintiff and Those Similarly Situated for All Time Worked, Resulting in Unpaid Overtime

38. Defendants, individually or jointly, employed Plaintiff and others similarly situated non-exempt salaried employees in their production and manufacturing of various automotive products.

39. At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated non-exempt salaried employees to work more than forty hours per week. The work that Plaintiff and other similarly situated non-exempt manufacturing supervisors performed was for Defendants' benefit and was integral and indispensable to the work they were hired to perform.

40. Plaintiff and others similarly situated were scheduled to work a minimum of forty-five hours per week but often worked more.

41. Defendants failed to compensate Plaintiff and others similarly situated for all overtime worked as they maintained a policy that non-exempt salaried employees were only paid an overtime premium after working forty-five hours per week.

42. Defendants' companywide policies described herein resulted in Plaintiff and other similarly situated non-exempt salaried employees performing integral and indispensable work that went unpaid.

43. There is no administrative difficulty recording the time that Plaintiff and other similarly situated non-exempt salaried employees spent performing the otherwise unpaid compensable work.

44. Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendants failed to pay Plaintiff and other similarly situated non-exempt salaried employees for all overtime earned.

45. For example, Plaintiff on multiple occasions requested that he be paid for all hours worked. On or about May 28, 2024, a human resources manager informed Plaintiff in writing that Defendants only pay overtime after forty-five hours of work per week.

46. Defendants also have a clock rounding policy that results in not paying Plaintiff and similarly situated non-exempt salaried employees for all hours worked.

47. Plaintiff regularly worked before his shift, but Defendants did not compensate him for his pre-shift hours worked. Regardless of the time Plaintiff punches in and begins work, Defendants payroll system rounds up to a predetermined time and does not pay for all compensable time.

48. As a result of Defendants' companywide policy and/or practice described above, Defendants knew or had reason to know that they were not compensating Plaintiff and other similarly situated non-exempt salaried employees for all overtime pay that they actually earned.

49. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the FLSA.

50. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein. For example, plant managers and human resources staff knew, or should have known, that such work was being performed without pay or at the lower (non-overtime) rate.

51. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## FLSA COLLECTIVE ALLEGATIONS

52. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated non-exempt manufacturing supervisors in the following opt-in collective:

> **All current and former salaried non-exempt employees of Defendants' manufacturing facilities, who were subject to Defendants' policy of only paying overtime after 45 hours of work per week AND who worked for 40 or more hours of work in any workweek from three years preceding the filing of this Complaint, through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

53. Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

54. During all relevant times, Defendants did not compensate Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

55. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C.§ 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

56. In addition to Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein.

57. Defendants violated the FLSA by not paying Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked.

58. Plaintiff is representative of the FLSA Collective of other similarly situated non-exempt salaried employees and is acting on behalf of their interests as well as his own in bringing this action.

59. The identities of the putative FLSA Collective Members are known to Defendants and readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

60. The net effect of Defendants' policies and/or practices is that Defendants willfully failed to properly pay Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Plaintiff and the FLSA Collective Members.

**COUNT I**
**Unpaid Overtime Violation of the Fair Labor Standards Act of 1938 ("FLSA")**

61. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

62. Defendants are employers within the coverage of the FLSA, 29 U.S.C. § 203(d).

63. Plaintiff is an employee within the coverage of the FLSA, 29 U.S.C. § 203(d).

64. Defendants are engaged in commerce as defined by the FLSA, 29 U.S.C. § 201 *et seq.*

65. Defendants have gross operating revenues in excess of $500,000 per year during the time of Plaintiff's employment.

66. This claim is brought as part of a collective action by Plaintiff on behalf of himself and the FLSA Collective.

67. The FLSA requires that non-exempt employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

68. Defendants, individually and jointly, violated the FLSA with respect to Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over 40 in a workweek at one-and-one-half times (1.5x) their regular

rates of pay because of Defendants' companywide policy and/or practice described herein.

69. Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime pay.

70. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

71. The exact amount of unpaid wages, including overtime compensation, that Defendants failed to pay Plaintiff and the FLSA Collective Members is unknown at this time, as the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

72. As a direct and proximate result of Defendants' conduct, Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages.

73. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all persons similarly situated, requests that this Court enter the following relief:

A. Order Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in so the similarly situated person can exercise their rights to opt-in pursuant to 29 U.S.C. § 216(b).

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to the FLSA;

C. Award Plaintiff and the Opt-Ins, who join this case pursuant to the FLSA, actual damages for unpaid wages;

D. Award liquidated damages to Plaintiff and the Opt-Ins, who join this case pursuant to the FLSA, the maximum amount permitted by applicable law (100% under the FLSA);

E. Award Plaintiff and the Opt-Ins, who join this case pursuant to the FLSA, attorneys' fees, costs, and disbursements; and,

F. Award Plaintiff and the Opt-Ins, who join this case pursuant to the FLSA, further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ David M. Blanchard

David M. Blanchard (P67190)
Diana E. Marin (P81514)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104

(734) 929-4313
blanchard@bwlawonline.com
marin@bwlawonline.com

Dated: January 29, 2026